IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:12cr188-MHT |
| CHARLES DEAN PARTIN | ) | (WO) |

OPINION AND ORDER

This cause is before the court on defendant Charles Dean Partin's motion to continue made on May 31, 2013. The government does not oppose Partin's request. For the reasons set forth below, the court finds that jury selection and trial, now set for July 1, 2013, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an

> offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "[w]hether the case is so unusual or so complex ... that it is unreasonable to expect adequate preparation" without granting a continuance. § 3161(h)(7)(B)(ii).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Partin in a speedy trial. On May 30, 2013, the government added, in the second

superseding indictment filed in this case, a new charge of transporting a minor across state lines for the purpose of committing statutory rape. The new count involves factually distinct issues from the prior counts and, as such, requires the defense to engage in additional investigatory work in order to adequately prepare for trial. Counsel should be afforded such time.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Charles Dean Partin's motion for continuance (Doc. No. 119) is granted.

(2) The jury selection and trial, now set for July 1, 2013, are reset for September 9, 2013, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 5th day of June, 2013.

    /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE